## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHEN VAIL and LASHELLE VAIL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-00297-JDR-SH |
| | ) | |
| HYUNDAI MOTOR AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' motion seeking sanctions for Defendant's failure to appear at the first noticed deposition of its corporate representative and for failing to present a prepared witness for the second deposition.

## BACKGROUND

Plaintiffs Stephen and Lashelle Vail brought this lawsuit in October 2022, asserting various claims relating to a 2020 Hyundai Kona vehicle and its purported defects. (ECF No. 2-1.) Defendant Hyundai Motor America ("Hyundai") removed the lawsuit to this Court in July 2023 (ECF No. 2), although discovery has been proceeding since November 2022 (*see, e.g.*, ECF No. 13-1 at 19[1]).

### *The First Deposition*

On January 5, 2024, Plaintiffs noticed the deposition of Hyundai pursuant to Fed. R. Civ. P. 30(b)(6), with the deposition to take place over five weeks later, on February 12. (ECF No. 42-1 at 2-4.) In correspondence accompanying the notice,

---

[1] Citations to page numbers refer to the page number in the court-provided header, with the exception of depositions, where the Court uses the page:line numbering from the deposition itself.

Plaintiffs' counsel solicited proposals for "alternative dates in that same timeframe." (*Id.* at 1.)

On February 5, 2024, during discussions related to a vehicle inspection, Hyundai's counsel noted, "with regard to deposition of a Hyundai witness you have noticed for February 12, we will be unable to present a witness on that day and need to reschedule." (ECF No. 42-5 at 4.) On Tuesday, February 6, Plaintiffs' counsel responded that he was not willing to postpone without an agreement as to a new date for the deposition and "all issues with the corporate rep deposition worked out." (*Id.* at 3.) Hyundai's counsel immediately responded, explaining her reasoning for failing to make her request earlier, and arguing—apparently for the first time—that Hyundai could not present a representative for deposition until after its engineer had a chance to inspect the vehicle. (*Id.* at 2.) Hyundai did not agree to a new date, but instead asserted the deposition could be rescheduled after the vehicle inspection had occurred. (*Id.*) In reply, Plaintiffs' counsel again disputed the need to move the deposition. (*Id.* at 1.)

On Thursday, February 8, 2024, the parties met and conferred. Hyundai's counsel then confirmed in writing that its representative would not appear at the noticed deposition. (ECF No. 42-6.) Plaintiffs' counsel reiterated his disagreement with Hyundai's position and noted his expectation that Hyundai's representative would appear at the Monday deposition unless "the Court orders otherwise . . . ." (*Id.*)

On Friday, February 9, 2024—just one business day before the deposition—Hyundai filed a motion for protective order. (ECF No. 42.) In the motion, Hyundai took no issue with any of the topics noticed for deposition and provided no detail as to why the appropriate corporate representative would be unavailable on the long-noticed date. Instead, Hyundai argued it would be "prejudiced if it is required to present a corporate

representative for deposition who will be asked to testify about [Hyundai's] warranty obligations and [Hyundai's] defenses to Plaintiffs' claims . . . before its engineer has inspected and test driven the vehicle." (*Id.* at 6.)

Hyundai did not seek a quick, emergency ruling on its motion—despite the explicit ability to do so under this Court's local rules.

> A magistrate judge may expedite discovery matters by means of remote conferences or emergency hearings. Under exigent circumstances, verbal or telephonic requests for an expedited hearing may be made through the Clerk's office or directly to a magistrate judge's office.

LCvR 37-2(b); *see also* LCvR 37-2(c) ("Discovery matters that are not time sensitive or of an emergency nature shall be handled in due course by consideration of appropriate written motions."). As a result, Hyundai guaranteed its motion would not be ripe for ruling until long after the scheduled deposition unless Plaintiffs took it upon themselves to respond within less than one business day and seek the expedited hearing for Hyundai. *See* LCvR 37-2(e) (requiring response to discovery motions be filed within 14 days). Hyundai apparently lacked any urgency because it believed that by merely filing a motion for protective order, it could obtain the relief it sought—a delay of the deposition—with no consequences to itself.[2] (*See* ECF No. 42 at 4-5.)

Monday at 1:00 p.m. came and went without Hyundai appearing for its deposition. That same day, Plaintiffs responded to Hyundai's motion (ECF No. 44), and the Court entered an order denying the protective order a few hours later (ECF No. 46).

---

[2] It now appears that the eventual corporate representative was not even aware there was a deposition scheduled for February 12, 2024, and likely did not see the deposition notice before that date. (ECF No. 60-3 at 21:15-21, 23:18-24:5, 25:13-26:5.)

### *The Second Deposition*

Following the Court's order, the parties reset the deposition for February 28, 2024. (ECF No. 60-2 at 1.)  This deposition was conducted pursuant to the notice Plaintiffs originally issued on January 5.  (ECF No. 60-1.)  Six days before the deposition, Hyundai issued a letter objecting to two of the topics listed in the original notice—(topic #6) the factual basis for certain affirmative defenses in Hyundai's answer, and (topic #7) Hyundai's supplemental answers to interrogatories and requests for admission.  (ECF No. 60-2 at 1-2.)  For both topics, Hyundai asserted that Plaintiffs were attempting to discover information protected by attorney-client privilege or work product protections.  (*Id.*)  Hyundai also asserted that topic #6 was overbroad and burdensome because it sought to require Hyundai to marshal all its factual proof.  (*Id.* at 1.)  Hyundai did not seek a protective order from the Court to limit these deposition topics.

At the deposition, Hyundai's corporate representative testified that he was designated and prepared to testify as to "all of the topics that are listed" in the notice.  (ECF No. 60-3 at 26:18-27:7.)  This included topic #6 and topic #7.  (*Id.* at 192:14-193:1; 212:24-213:12.)  However, as the deposition progressed, it became clear that the representative would offer no such testimony.

As to topic #6, Plaintiffs' queries were both broad and focused.  Some inquiries might have legitimately been subject to narrowing had Hyundai presented its objections to the Court prior to the deposition.  However, even when Plaintiffs' questions were strictly factual and specific, or based on Hyundai's own statements in its affirmative defenses, Hyundai's representative continued to state he could not answer:

Q.  How was the Vails' KONA abused?

A.  I'll have to refer you to my legal counsel.

4

Q.  What do you mean when you say that?

A.  I – I don't have that information.

Q.  So are you testifying that as the corporate representative of Hyundai Motor America you don't have any knowledge about how the KONA was abused?

   MR. TEAGUE:  Object to the form.  Calls for information protected by the attorney-client privilege, attorney work product, and the previous objections that I made.

A.  I can't answer that.

Q.  How was the KONA ne – neglected?

   MR. TEAGUE:  Same objections.

A.  I can't answer that.

   Other than, you know, it – there was some neglect in, um – interpreting neglect with leaving a vehicle at the dealership for a couple of years.[3]

. . .

Q.  What unauthorized modifications or alterations were made to the KONA?

      MR. TEAGUE:  Same objections that I previously stated.

A.  I can't answer that.

. . .

Q.  Affirmative defense number 8 reads, any problems with the subject vehicle were caused by plaintiffs' abuse, misuse, or neglect of the subject vehicle.

   Explain to the jury the factual basis for that affirmative defense.

   MR. TEAGUE:   Same objections as previously stated including privilege.

---

[3] This testimony appears to relate to the point, in May 2021, when Plaintiffs' vehicle was towed to a Hyundai-branded dealership in Kansas City, Missouri.  After the dealership was unable to replicate Plaintiffs' complaints, Plaintiffs refused to drive the vehicle again, and the vehicle has remained with that dealership to this day.  (*See, e.g.*, ECF No. 65 at 2; ECF No. 76 at 2-3.)

A.  I'm not able to answer that.

. . .

[Q.] Um, I won't ask you about abuse because I've already asked you.  But what – uh, how did the Vails misuse the KONA?

MR. TEAGUE:  Same objections.

A.  I can't answer that.

(*Id.* at 202:17-204:10, 207:14-208:4.)

At other times, both as part of topic #6 and topic #7, Hyundai's representative was asked questions based on a vehicle exhibiting the symptoms Plaintiffs claimed their vehicle had exhibited.  For example, Hyundai asserted an affirmative defense that "[a]ny alleged nonconformity in the 2020 Hyundai Kona does not substantially impair the use or value of the vehicle."  (ECF No. 2-6 at 3.)  At the deposition, Plaintiffs asked Hyundai's representative whether the vehicular symptoms they alleged "would substantially impair the use of the vehicle."  (ECF No. 60-3 at 200:10-201:16.)  Similarly, in its responses to Plaintiffs' discovery, Hyundai denied that various symptoms (jerking and bogging down at highway speed, losing power at highway speed, suddenly lunging at highway speed, bogging down when attempting to accelerate) were "a safety concern," on the grounds that it did not have enough information and had no obligation to take an affirmative position on an incomplete and speculative hypothetical.  (ECF No 60-5 at 2-4 (responses to requests for admission) & ECF No. 60-6 at 4-7 (answers to interrogatories).)  At the deposition, Plaintiffs generally asked the representative under what conditions these symptoms would <u>not</u> be a safety concern—e.g., "Under what conditions would a Hyundai KONA, which jerks and bogs down while driving a highway speed, not be a safety concern?"  (ECF No. 60-3 at 221:17-19.)  After repeated, and often lengthy objections by Hyundai's counsel, its representative made statements that did not respond to the

question asked, repeated Hyundai's position that it "take[s] safety seriously," noted Hyundai had not found any defects, and stated the representative could not answer hypotheticals.  (*Id.* at 223:18-226:8.)

From a review of the portions of the deposition provided, it does not appear Hyundai offered any substantive testimony regarding topic #6 or topic #7.

## Analysis

### I.      Corporate Depositions

The rules make it fairly simple to notice and require a party to appear for their deposition.  A party who wishes to conduct an oral deposition simply gives "reasonable written notice" to the other parties.  Fed. R. Civ. P. 30(b)(1).  Where the deponent is a party, no additional subpoena is required.  7 Moore's Federal Practice - Civil § 30.21 (2024).  Where the deponent is an entity (like Hyundai), the notice "must describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  "Before or promptly after the notice . . . is served, the serving party and the organization must confer in good faith about the matters for examination."  *Id.*  The entity must then designate persons to testify "about information known or reasonably available to the organization."  *Id.*

Once the notice was served, Hyundai was required to have its representative appear at the deposition.  "The court . . . may, on motion, order sanctions if:  . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition . . . ."  Fed. R. Civ. P. 37(d)(1)(A)(i).  The Court may also compel an answer if a deponent fails to answer a question asked under Rule 30.  Fed. R. Civ. P. 37(a)(3)(B)(i).

II.     **The First Deposition**

Hyundai's failure to appear at the first noticed deposition was in violation of the rules and sanctionable.  This should have been clear to Hyundai from a simple review of the federal rules or prior decisions of this court.  As noted above, the rules do not provide an excuse for a deponent to fail to appear at a deposition and, instead, authorize sanctions if this occurs.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i); *see also* Fed. R. Civ. P. 37, advisory ctte.'s note to 1970 am., subdiv. (d) ("[A] party may not properly remain completely silent even when he regards a notice to take his deposition . . . as improper and objectionable.  If he desires not to appear . . ., he must apply for a protective order.").

In its earlier filings, Hyundai argued that, under Rule 37(d)(2), its filing of a motion for protective order excused it from appearing at the deposition.  (ECF No. 42 at 4-5.)  This is not, however, the import of subsection (d)(2).  Instead, subsection (d)(2) notes that a failure to appear at a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2) (Unacceptable Excuse for Failing to Act).  That is, this provision—added in 1993—emphasizes that a party cannot ignore discovery and then, once the other side seeks sanctions, belatedly raise an objection to the contents of the request.  As the Advisory Committee made clear, "the filing of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect."  Fed. R. Civ. P. 37, advisory ctte.'s note to 1993 am., subdiv. (d).  Assuming Hyundai even had an objection to the discovery sought in its original motion—as opposed to an objection to the <u>timing</u> of that discovery—the rule was clear that Hyundai had to obtain an order under Rule 26(c) to avoid its obligation to attend the deposition.  Multiple decisions from this court over the

past two decades made this clear.  *See, e.g., Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-SAJ, 2008 WL 2223871, at *4 (N.D. Okla. May 20, 2008) ("The parties are advised that the filing of a Motion to Quash a Notice of Deposition does not stay or cancel a properly noticed deposition." (ruling on motion for protective order and motion to quash)); *Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1317-18 (N.D. Okla. 2006) ("Defendant was required to take some action to stay the deposition until the parties, with or without the Court's assistance, could resolve the dispute.").  Hyundai's refusal to appear at the deposition was not substantially justified.  Fed. R. Civ. P. 37(d)(3).

In the current briefing, Hyundai does not address the propriety of its actions, but focuses instead on the appropriateness of sanctions.  In its arguments, Hyundai implies that it was justified in resisting the discovery (despite this Court's order otherwise) and notes it "advised Plaintiffs' counsel on Thursday that [it] would be seeking a protective order and did not plan to appear at the Monday deposition." (ECF No. 74 at 5.)  Hyundai then cites to various cases where minimal or no sanctions were imposed.  (*Id.* at 6-7.)

But Hyundai's reliance on these cases proves a too much.  Hyundai reads case after case where the rule above is stated but does not glean from them that it should follow that rule.  Hyundai reads case after case where the courts lamented a failure to cooperate but does not glean from them that it should cooperate.  Instead, what Hyundai has gleaned is that, if it breaks the rules, there may be no sanction, or $150 in sanctions, or something similarly minimal.

Neither the rules nor these cases justify Hyundai's behavior or a lack of consequences for that behavior.  To reiterate:  Plaintiffs noticed Hyundai's February 12 deposition on January 5, 2024—over five weeks in advance.  (ECF No. 60-1.)  In the letter and e-mail accompanying the notice, Plaintiffs invited Hyundai to propose alternative

dates if February 12 "is not convenient for you or your client . . . ." (ECF No. 42-1 at 1; ECF No. 42-3.) On January 24, 2024, Plaintiffs' counsel allegedly told Hyundai's counsel that they needed to contact him if they wanted to try and move the deposition, and Hyundai's counsel said they would review the notice that day. (ECF No. 42-5 at 1.) Then, on February 5, 2024, a month after Plaintiffs issued the deposition notice, Hyundai's counsel announced, "we will be unable to present a witness on that day and need to reschedule." (*Id.* at 4.) On February 6, Hyundai's counsel clarified that this was because it wanted to conduct its own discovery (inspecting the vehicle) before sitting for the deposition. (*Id.* at 2.) Hyundai did not have a scheduling conflict with its deponent—indeed, it appears its eventual corporate representative was not even aware that a deposition had been scheduled for February 12. (ECF No. 60-3 at 24:3-5.)

The only reason the deposition apparently occurred when it finally did—over two weeks after the original setting—was because <u>Plaintiffs</u> took it upon themselves to respond to the motion for protective order within one business day and <u>this Court</u> took it upon itself to rule on the motion within hours of Plaintiffs' response.[4] Hyundai's actions before February 12 indicate it was holding out for an indefinite extension, rejecting Plaintiffs' request for "another agreed date . . . in the immediate future and . . . all issues with the corporate rep deposition worked out" (ECF No. 42-5 at 3) and, instead, insisting that the deposition be scheduled on some as-yet unknown date after the yet-to-be determined inspection date (*id.* at 2).

---

[4] Absent these actions and the Court's waiver of the reply rule (ECF No. 46 at 2 n.1), Hyundai's motion for protective order would not have been fully briefed until March 4, 2024. *See* LCvR 37-2(e).

Hyundai laments that "Plaintiffs appear to be seeking sanctions for sanctions sake." (ECF No. 74 at 7.) That depends on why sanctions are imposed. "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Both purposes apply here. Hyundai was undeterred by the mercies shown by prior courts and undertook sanctionable conduct with perceived impunity. When faced with the authorities in Plaintiffs' motion, Hyundai offered no contrary authority yet also failed to admit the error in its actions. The Court finds Plaintiffs are entitled to "the reasonable expenses, including attorney's fees, caused by" Hyundai's failure to appear at the properly noticed deposition. Fed. R. Civ. P. 37(d)(3). These include the time Plaintiffs' counsel spent attempting to convince Hyundai to attend the original deposition and in rescheduling the deposition, as well as the expenses (including fees) incurred in briefing the current motion. As the Court cannot tell whether the impetus for Hyundai's breach of the rules came from it or its counsel, the Court will award the expenses against both. The Court finds there are no circumstances that make such an award unjust. *Id.*

## III.    The Second Deposition

Hyundai's failure to designate a witness who could (or would) testify about topic #6 and topic #7 was also sanctionable.

As part of the 1970 innovation that was Rule 30(b)(6), the Advisory Committee hoped to curb "bandying," where a series of corporate officers would each disclaim knowledge of facts "clearly known to persons in the organization and thereby to it." Fed. R. Civ. P. 30, advisory ctte.'s note to 1970 am., subdiv. (b)(6). The rule reaches this goal

by requiring the noticing party to "describe with reasonable particularity the matters for examination" and requiring the corporation to "designate one or more . . . persons" who "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).  Here, Hyundai designated just one person, and that person did not testify as to any information known or available to Hyundai as to two of the noticed topics. It appears Hyundai, instead, prepared the individual to state that he did not have the information or could not answer the questions asked.  As with the first deposition, Hyundai had a remedy available to it if it wanted to avoid testifying as to the two topics— conferring with Plaintiffs and, if that failed, filing a motion to this Court in the seven weeks between receiving the notice and the deposition.  Instead, Hyundai attempted to force its preferred result on the parties by the simple expedient of violating the federal rules.

### A.    A Prompt, Good Faith Conference on the Topics

First, Hyundai did not attempt to confer in good faith on the topics in a prompt manner.  As noted above, Plaintiffs and Hyundai were required to "confer in good faith about the matters for examination" and do so "[b]efore or promptly after" the notice was served.  Fed. R. Civ. P. 30(b)(6).  When this provision was added in 2020, the Advisory Committee hoped that "[c]andid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination, and enable the organization to designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements."  Fed. R. Civ. P. 30, advisory ctte.'s note to 2020 am.

Very little information has been provided by the parties about their attempts to comply with this provision.  What information has been provided does not look

particularly good for Hyundai.  Plaintiffs provided the list of topics on January 5, 2024.[5] (ECF No. 60-1 at 3.)  It does not appear that Plaintiffs invited debate over the seven topics in the initial notice or accompanying correspondence.  Still, Hyundai raised no objections for seven weeks—waiting until February 22, 2024.  (ECF No. 60-2.)  Hyundai did this despite the alleged statement of its counsel that she would review the notice on January 24 (ECF No. 42-5 at 1); Plaintiffs' statement on February 6 that they would not agree to move the deposition without "all issues with the corporate rep deposition worked out" (*id.* at 3); Hyundai's filing of a protective order on February 9, which asked to move the date for the deposition but raised no objections to the topics (ECF No. 42); and the passing of the original February 12 date for the deposition.

Whatever failure may be found in Plaintiffs not initially inviting discussion about the matters for examination, Hyundai failed to act "promptly."

### B.    The Objections

Second, the objections Hyundai raised (but did not present to the Court) would not have resulted in the blanket striking of both topic #6 and topic #7.

#### 1.    Topic #6

Topic #6 was, in effect, a contention interrogatory relating to nine of Hyundai's ten affirmative defenses.  (ECF No. 60-1; *see also* ECF No. 2-6 at 2-3 (the affirmative defenses).)  Hyundai, in a letter to Plaintiffs, objected that this topic sought information

---

[5] The seven topics were (1) Hyundai's express warranty on Plaintiffs' vehicle; (2) Hyundai's implied warranties on the vehicle; (3) Hyundai's communications with Plaintiffs' regarding the vehicle; (4) Hyundai's communications with the Broken Arrow dealership regarding the vehicle; (5) Hyundai's communications with that dealership regarding a loan vehicle provided to Plaintiffs; (6) the factual basis for Hyundai's 2nd-10th affirmative defenses; and (7) Hyundai's supplemental answers to interrogatories and requests for admission (of which there were six).  (ECF Nos. 60-1 at 3; 60-5; 60-6.)

protected by attorney-client privilege and the work product doctrine, improperly sought to require it to marshal all its factual proof, and called for a legal conclusion.  (ECF No. 60-2.)

Hyundai is correct that some courts have stated that "a party is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim." *Bosh v. Cherokee Cnty. Governmental Bldg. Auth.*, No. 11-CV-376-JHP, 2015 WL 6830203, at *2 (E.D. Okla. Nov. 6, 2015) (quoting *E.E.O.C. v. Original Honeybaked Ham Co.*, No. 11-CV-02560-MSK-MEH, 2013 WL 435511, at *1 (D. Colo. Feb. 4, 2013) (which it turn was quoting *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996)).  Yet, the court from which this quote originated has recognized that its position has since "evolved" to allow 30(b)(6) representatives to testify on topics such as the facts supporting a defendant's affirmative defenses.  *Pflughoeft v. Kan. & Okla. R.R., L.L.C.*, No. 22-1177-TC-RES, 2023 WL 5672202, at *8 (D. Kan. Sept. 1, 2023) (collecting cases).

Consistent with *Pflughoeft*, another line of cases in this Circuit finds that Rule 30(b)(6) contention requests are not prohibited as *per se* overbroad or impinging on attorney-client privilege or work production protections.  *See, e.g.*, *id.* at *8-10; *Radian Asset Assur., Inc. v. Coll. of the Christian Bros.*, 273 F.R.D. 689, 691-92 (D.N.M. 2011) ("the better rule is to allow parties to craft rule 30(b)(6) inquiries similar to contention interrogatories"); *Erickson v. City of Lakewood*, No. 119CV02613PABNYW, 2021 WL 4947231, at *4 (D. Colo. Sept. 23, 2021) (noting "courts have regularly permitted such deposition topics so long as they are expressly limited to seeking facts, rather than attorney impressions or legal theories, finding such lines of questioning akin to contention interrogatories under Rule 33" (collecting cases)); *Jobson v. United States ex*

14

*rel. Dep't of Veteran Affs.*, No. CIV-17-574-SLP, 2018 WL 8299886, at *5 (W.D. Okla. Aug. 27, 2018) (noting a 30(b)(6) designee's authority to speak extends to subjective beliefs and opinions; that a blanket claim to privilege is not appropriate; and rejecting argument that topic was a vague contention interrogatory).

These cases make sense.  Contention interrogatories are explicitly allowed under the rules—"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."  Fed. R. Civ. P. 33(a)(2).  Such requests "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."  Fed. R. Civ. P. 33, advisory ctte.'s note to 1970 am., subdiv. (b).  By 2007, the Advisory Committee allowed that "[o]pinion and contention interrogatories are used routinely."  *Id.* advisory ctte.'s note to 2007 am. Meanwhile, there is nothing in Rule 30 that limits the sorts of questions that may be asked at an oral deposition.  Indeed, in adopting Rule 30(b)(6), the Advisory Committee equated the burden of designating a representative witness as "not essentially different from that of answering interrogatories . . . ."  Fed. R. Civ. P. 30, advisory ctte.'s note to 1970 am., subdiv. (b)(6).  And finally, the rules explicitly anticipate parties using the various methods of discovery in any sequence (absent a court order).  Fed. R. Civ. P. 26(d)(3)(A). The undersigned, therefore, agrees that it is not <u>inherently improper</u> for a deposition question—or 30(b)(6) topic—to ask a party for the factual basis of an assertion they have made in the case.  *See also* 7 Moore's Federal Practice - Civil § 30.25 (2024) ("a designee may be required to present the corporation's interpretation of the facts or legal theories if the deposition topics include inquiries similar to contention interrogatories").

This is not to say that such topics are never overbroad.  A good example of an overbroad topic can be seen in the case Hyundai cited in its objection, in which the "topic"

was testimony regarding the entirety of the facts and allegations in the complaint and in multiple defendants' answers, responses to written discovery, and disclosures—i.e., all pleadings and written discovery in the case.   *See Bosh*, 2015 WL 6830203, at *2. Moreover, individual topics can seep into the realm of privilege or work product, although here the topics were limited to the "factual basis" for the defenses, and many of Plaintiffs' deposition questions were factual in nature.

### 2.   Topic #7

Hyundai's objection to Plaintiffs' topic #7 is related but different.   Topic #7 merely listed Hyundai's supplemental answers to interrogatories and requests for admission with no elaboration.   (ECF No. 60-1 at 3.)   As interrogatory answers are necessarily factual and verified by a party, *see* Fed. R. Civ. P. 33(a)(2), (b)(3), it is reasonable to believe that certain answers on this topic would be fair game at a 30(b)(6) deposition.   Still, at first glance, merely referring to a group of discovery responses would appear overbroad.

In this case, some discussion could easily have homed in on what factual information Hyundai had that Plaintiffs wanted.   For instance, in the supplemental admission responses, Hyundai "denied" requests to admit that a vehicle with certain attributes was a "safety concern."   (ECF No. 60-5 at 2-4.)   And, in its interrogatory answers, Hyundai explained, in almost identical fashion that:

> HMA is unable to admit that a vehicle which "jerks and bogs down" while driving at highway speed [*or* suddenly "loses power" while driving at highway speed *or* suddenly "lunges" while driving at highway speed *or* bogs down when attempting to accelerate from a stop] is a safety concern without additional information about the vehicle involved, the actions of the driver, the circumstances of the incident, and a broad variety of other unknown but necessary information.

(ECF No. 60-6 at 4-7 (supplemental answers to interrogatory nos. 3-6).)   As became clear at the deposition, Plaintiffs' counsel was interested in learning what this additional

16

information was—that is, in what conditions would Hyundai state such a vehicle <u>was</u> a safety concern?  (*See, e.g.*, ECF No. 60-3 at 221:10-19.)

Perhaps, Hyundai did not understand this and thought the topic was seeking only legal argument as to its objections.  Perhaps Hyundai thought Plaintiffs were improperly seeking expert opinion testimony from a lay witness.   Perhaps Hyundai's blanket objection was not an intransigent position, and, with additional discussion, the parties could have come to an agreement.  Whatever the case may be, the rule "does not require the parties to reach agreement."  Fed. R. Civ. P. 30, advisory ctte.'s note to 2020 am.  But, it does require Hyundai to act differently than it did.

The solution here was not simply for Hyundai to object to the topics; state it would "present a witness to testify . . . subject to and without waiving" its objections (ECF No. 60-2 at 1); and then present a witness who testified to nothing substantive on those topics. *See* Fed. R. Civ. P. 30, advisory ctte.'s note to 2020 am. ("In some circumstances, it may be desirable to seek guidance from the court.")  The solution was to seek relief from the Court—as the parties did in the very cases cited by Hyundai in its objection letter.  *See Bosh*, 2015 WL 6830203, at *1 ("Before the Court is Defendant['s] . . . Motion to Quash Plaintiff's Notice of Deposition . . . ."); *Gossar v. Soo Line R. Co.*, No. 3:09-CV-9RLYWGH, 2009 WL 3570335, at *1 (S.D. Ind. Oct. 27, 2009) ("This matter is before the . . . Judge, on Defendant's Motion for Protective Order . . . .").

Hyundai did not do so.

### C.      Hyundai's Failure to Present a Witness

Instead, Hyundai presented a witness who repeatedly stated,

- "I'm not even sure I – I could answer that."  (ECF No. 60-3 at 198:24-25.)

- "I'm not able to answer that." (*Id.* at 199:14.)

- "Seeing as how that's a hypothetical, I don't have all the context to be able to make that ans – that determination." (*Id.* at 200:16-18.)

- "Again, I don't have all the context.  I only have the context of – that we haven't identified a defect with this vehicle.  So I don't know how to answer this question.  In fact, I know I can't answer the question." (*Id.* at 200:24-201:3.)

- "Yeah, similar answer.  Without the context of all of the circumstances relating to what you said, and without having identified a defect in this vehicle, I can't speak to if that would impact the value." (*Id.* at 201:12-16.)

- "Yeah, I – I can't answer that.  I'll have to refer you to my legal side." (*Id.* at 202:15-16.)

- "I'll have to refer you to my legal counsel. . . . I – I don't have that information." (*Id.* at 202:18-21.)

- "I can't answer that." (*Id.* at 203:4.)

- "I can't answer that." (*Id.* at 203:7.)

- "I can't answer that." (*Id.* at 204:10.)

- "I'm not able to answer that." (*Id.* at 207:6.)

- "I think we discussed this earlier, and my – my answer would be the same.  I – I don't have any additional knowledge.  I don't have any additional ability to answer that." (*Id.* at 207:10-13.)

- "I'm not able to answer that." (*Id.* at 207:22.)

- "I can't answer that." (*Id.* at 208:4.)

"If a party has an objection to the areas of inquiry, that party must file a motion for a protective order.  It is improper to simply lodge objections and to instruct the designated witness not to answer questions that the corporation deems objectionable."  7 Moore's - Civil § 30.25.

Hyundai was obligated to designate one or more persons who "<u>must</u> testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6)

(emphasis added). This duty extended "not only to facts, but also to subjective beliefs and opinions." 7 Moore's - Civil § 30.25. Hyundai had "an affirmative duty to prepare the designated deponents so that they [could] give full, complete, and non-evasive answers to questions posed regarding the relevant subject matter." *Id.*

To be sure, a 30(b)(6) deposition is not a "memory test" for which "absolute perfection" is required, and an inability to answer every question on a topic would not necessarily show non-compliance by Hyundai. *Fuentes v. Classica Cruise Operator Ltd.*, 32 F.4th 1311, 1322 (11th Cir. 2022) (internal quotations and alterations omitted). Similarly, a deponent may be directed not to answer when necessary to preserve a privilege. Fed. R. Civ. P. 30(c)(2). And, as Hyundai points outs, a motion to compel is often the appropriate procedure when a deponent simply fails to "answer a question." *See* Fed. R. Civ. P. 37(a)(3)(B)(i). This would then start a cascade of events that could, eventually, result in an award of sanctions under Rule 37(b).

But here, Hyundai's designee did not simply fail to answer a question, and counsel did not instruct him not to answer in an effort to preserve any privilege. Instead, the Court is faced with a 30(b)(6) witness who was either completely unprepared or completely unwilling to answer virtually any question on the two topics to which Hyundai objected.[6]

There is case law to the effect that when an individual deponent is physically present at the deposition, but refuses to testify fully, the noticing party should first obtain a Rule 37(a) order to compel and not proceed under Rule 37(d). *See, e.g.*, *Salahuddin v.*

---

[6] In its briefing, Hyundai emphasizes that it "advised that its witness would be presented to testify subject to and without waiving those objections." (ECF No. 74 at 8.) It appears Hyundai believes it had no obligation to prepare its witness to testify in areas where it objected.

*Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986) ("Salahuddin appeared at his deposition and answered questions.  The district court therefore erred when it imposed sanctions pursuant to Rule 37(d).").  However, as the Fifth Circuit noted,

> Were we here faced with a case involving the deposition of a natural person we might be inclined to agree with the reading of Rule 37(d) by our Second Circuit colleagues.  The deposition of a corporation, however, poses a different problem, as reflected by Rule 30(b)(6).  Rule 30(b)(6) streamlines the discovery process.  It places the burden of identifying responsive witnesses for a corporation on the corporation.  Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent.  When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent.  If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

*Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993); *see also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) ("we hold that when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), '[p]roducing an unprepared witness is tantamount to a failure to appear' that is sanctionable under Rule 37(d)" (quoting *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996)); *cf. Baker v. St. Paul Travelers Ins. Co.*, 670 F.3d 119, 124 (1st Cir. 2012) (not deciding whether physical failure to show is required for 37(d) sanctions against a corporate representative deponent, where deponent answered questions until instructed not to do so at very end of deposition).

Given the purposes of Rule 30(b)(6), the Court agrees that Hyundai, in effect, refused to have a designated person appear at the deposition on topic #6 and topic #7. *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (finding sanctions could be imposed under 37(d) where corporate representative "was wholly unable to render testimony regarding one of the three subject

areas for which he was designated"). Sanctions are, therefore, appropriate under Rule 37(d).

### D. Type of Sanctions

Under the rule, sanctions must include the reasonable expenses, including attorney's fees, caused by Hyundai's failure to have a representative appear to testify regarding these topics. Fed. R. Civ. P. 37(d)(3). Plaintiffs note that sanctions may also include any of the other orders authorized by Rule 37(b)(2)(A)(i)-(vi) and ask for "substantive sanctions," but they do not specify which of these substantive sanctions they are seeking. (ECF No. 60 at 5-6.) Commentators have noted that potential remedies may include an order requiring the corporation to designate additional witnesses to provide the information; a monetary or similar sanction; or a limitation on the evidence the corporation could present at trial, either by forbidding it from calling witnesses who would offer inconsistent testimony or forbidding it from presenting evidence on the topic. 8A, Richard L. Marcus, Fed. Prac. & Proc. (Wright & Miller) § 2103 (3d ed.).

Here, in addition to the sanctions granted for Hyundai's original failure to appear, the Court finds that Plaintiffs are entitled to recovery of their reasonable expenses (including fees) caused by Hyundai's constructive failure to adequately present a corporate representative on topic #6 and topic #7. This failure was not substantially justified, and no other circumstances make the granting of such an award unjust. Fed. R. Civ. P. 37(d)(3). Further, because Plaintiffs were denied their chance to adequately question a representative of Hyundai on these topics, the Court will grant Plaintiffs the opportunity—if they so choose—to pursue another corporate representative deposition on

these topics rather than relying on the information currently available to the parties.[7]  The out-of-time 30(b)(6) deposition on topic #6 and topic #7 must be completed by May 31, 2024.  The Court emphasizes that during the deposition, Hyundai may not refuse to answer any questions on non-privileged matters without first having resolved its objections with the Court.

IT IS THEREFORE ORDERED that *Plaintiffs' Motion for Discovery Sanctions* (ECF No. 60) is GRANTED.  Plaintiffs may present an application for expenses in accordance with this order by May 22, 2024.

ORDERED this 8th day of May, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[7] The Court has "no obligation to impose a sanction not sought by a party."  *Equal Emp. Opportunity Comm'n v. JetStream Ground Servs., Inc.*, 878 F.3d 960, 964 n.4 (10th Cir. 2017).  The Court finds this sanction is appropriate, given Plaintiffs ability to seek this information through earlier written discovery.  This sanction is also similar to what would have occurred had Plaintiffs taken the route argued by Hyundai and filed a motion to compel.